IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THOMAS A. CATON, JERRY SANCHEZ, and JAMES A. WALLACE, *Appellants*, | § § § § § | |
| v. | § | Case No. 4:13-cv-15 |
| LINDA S. PAYNE, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF BOYD VEIGEL, P.C., *Appellee*. | § § § § § | |

**MEMORANDUM OPINION AND ORDER AFFIRMING BANKRUPTCY COURT AND RESOLVING APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TEXAS – SHERMAN DIVISION (CASE NO. 11-04229)**

This is an appeal from a final order of the United States Bankruptcy Court for the Eastern District of Texas Sherman Division. Appellants seek reversal of the bankruptcy court's November 15, 2012 orders granting in part and denying in part Appellants' Motion for Partial Summary Judgment, and granting in part and denying in part Appellee's Motion to Dismiss. Having reviewed the bankruptcy court's decision and the parties' briefs, the holdings of the bankruptcy court are **AFFIRMED**.

## I. JURISDICTION

This court has jurisdiction under 28 U.S.C. § 158(a)(1) to hear an appeal from a final order of the bankruptcy court. A timely notice of appeal was filed.[1] Appellee contends that this court lacks jurisdiction to consider the appeal because the denial of a motion for summary judgment does not constitute a final, appealable order. However, bankruptcy proceedings do not

---
[1] FED. R. BANKR. P. 8002(a).

need to be "appealed as a single judicial unit at the end of the entire bankruptcy proceeding."[2] Instead, "[a]n appealed bankruptcy order will be considered final if it constitutes either a final determination of the rights of the parties to secure the relief they seek, or a final disposition of a discrete dispute within the larger bankruptcy case."[3] The bankruptcy court's order constitutes a final determination of the rights of the parties to secure the relief they seek, and therefore, this court has jurisdiction to consider the appeal.

## II. STANDARD OF REVIEW

In general, a district court reviews a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*.[4]

## III. BACKGROUND

Boyd Veigel, P.C. was hired to represent the plaintiffs in a class action lawsuit in Texas state court against the City of Dallas in 1994.[5] Boyd Veigel was retained on a contingent fee basis,[6] and represented the State Court Plaintiffs from 1995 until 2009.[7] Bill Boyd, the owner of Boyd Veigel, P.C., passed away on August 29, 2009.[8] After his death, the employment of all the firm's remaining employees, including that of all the firm's attorneys, was terminated.[9]

Before Mr. Boyd's death, the underlying state court litigation was on appeal to the Texas Supreme Court.[10] Boyd Veigel entered into fee-sharing arrangements with E. Lee Parsley and

---

[2] *In re ASARCO, L.L.C.*, 650 F.3d 593, 599-600 (5th Cir. 2011) (internal quotation marks omitted).
[3] *Id.* (internal quotation marks omitted).
[4] *In re Texas Pig Stands, Inc.*, 610 F.3d 937, 941 (5th Cir. 2010).
[5] Appellants' Br. 13-14.
[6] *Id.* at 14.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.* at 18.

Hance Scarborough, LLP to serve as co-counsel during the appeal.[11] After Boyd Veigel ceased operations, Mr. Parsley and Hance Scarborough continued to represent the state court Plaintiffs during their appeal to the Texas Supreme Court.[12] The Texas Supreme Court remanded the cases back to the trial court on December 2, 2011.[13] While their appeal was pending, the state court Plaintiffs entered into new contingency fee agreements with Hance Scarborough and Mr. Parsley to take over as lead counsel on the cases.[14]

On December 14, 2009, Boyd Veigel, P.C. filed for Chapter 7 bankruptcy.[15] Linda Payne was appointed as trustee of the bankruptcy estate.[16] Boyd Veigel, through special counsel hired by the Trustee, continued to assert its representation of the state court Plaintiffs in the underlying litigation. The state court Plaintiffs filed a motion in the state district court asking for a determination of Boyd Veigel's authority to continue representing them.[17] On November 11, 2011, the state district court heard the motion and held that the authority of the attorneys for the Estate of Boyd Veigel (retained by the Appellee) did not extend to representation of the state court Plaintiffs (in this case, the Appellants), and instructed the Appellee to seek clarification from the federal bankruptcy court if the Appellee disagreed.[18] Appellants then filed this adversary action in bankruptcy court.[19]

Appellants filed a motion for summary judgment on April 17, 2012 asking the bankruptcy court to hold that the Estate of Boyd Veigel no longer represents the state court Plaintiffs and that the estate forfeited its right to recover a fee because Boyd Veigel abandoned its obligation to

---
[11] *Id.* at 18-19.
[12] *Id.* at 19.
[13] *Id.* at 23 n.63.
[14] *Id.* at 20.
[15] *Id.*
[16] *Id.*
[17] *Id.* at 26.
[18] *Id.* at 25-26.
[19] *Id.* at 26.

represent the state court Plaintiffs.[20] Appellee filed a response in the form of a motion to dismiss arguing that the issue was not ripe because the underlying state court litigation is still pending and any award is contingent upon the state court Plaintiffs prevailing.[21] The bankruptcy court granted in part and denied in part Appellants' Motion for Partial Summary Judgment and granted in part and denied in part Appellee's Amended Motion to Dismiss for Lack of Subject Matter Jurisdiction, or, In the Alternative to Abstain or Abate. The bankruptcy court granted in part Appellants' motion for summary judgment holding that neither the Trustee nor the Estate represents the state court Plaintiffs in the state court cases.[22] The bankruptcy court then held that the remaining issue of whether the Estate of Boyd Veigel is entitled to a fee is not yet ripe for determination and dismissed the adversary action without prejudice.[23]

## IV. ANALYSIS

Appellants contend that the bankruptcy court erred in granting Appellee's Motion to Dismiss with regard to whether the Estate of Boyd Veigel is entitled to recover a fee in the state court litigation when the court held that the issue is not yet ripe for determination. Appellants argue that not only is the issue ripe for determination, the bankruptcy court further erred in denying their motion for summary judgment on the issue.

Appellants assert that the issue is ripe for adjudication because the controversy revolves around the *right* to the contingency fee and not the *amount*. Appellants seek a declaration that Boyd Veigel abandoned its representation of the state court Plaintiffs and therefore is not

---

[20] *Id.* at 27.
[21] *Id.*
[22] see Hr'g Tran. 23:19-24:1, Oct. 29, 2012 ("To the extent that it is at all unclear, this estate is not representing any of the plaintiffs. And Ms. Comina [sic] in her capacity as counsel for this estate, is not representing any of the plaintiffs.").
[23] *Id.* at 27-28; Hr'g Tran. 24:3-6, Oct. 29, 2012 ("If and when there is a recovery from the underlying litigation, then the estate would be participating in the determination of the portion of that recovery that would be due to the estate.").

entitled to a fee. Appellee responds that the issue is not ripe for adjudication because the Appellants first have to prevail in the underlying state court cases before a fee would even be awarded.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."[24] The test for whether an issue is an "actual controversy" within the meaning of the Act "is whether . . . there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."[25] In this instance, there is not a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment, and the bankruptcy court did not err in granting Appellee's motion to dismiss.

Appellants point out that the contingency fee contract between the state court Plaintiffs and Boyd Veigel, P.C. is non-assumable and therefore not part of the bankruptcy estate.[26] While that does not mean that the contracts have no value to the bankruptcy estate, it is the trustee's obligation to prove the value of the legal services provided in each case.[27] Appellee's brief makes clear that at this point the Trustee is not seeking any amount from the Appellants. Therefore, there is no controversy that is ripe for adjudication.

---

[24] 28 U.S.C. § 2201(a) (2006).
[25] *Lake Carriers Ass'n v. MacMillan*, 406 U.S. 498, 506 (1972) (internal quotation marks omitted).
[26] Appellants' Br. 34 n.112.
[27] *See Turner v. Avery*, 947 F.2d 772, 774 (5th Cir. 1991).

## V. CONCLUSION

Based on the foregoing, the court hereby **AFFIRMS** the orders of the bankruptcy court granting in part and denying in part Appellants' motion for summary judgment and granting in part and denying in part Appellee's motion to dismiss.

**IT IS SO ORDERED.**

**SIGNED this the 29th day of September, 2013.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE